JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RE/MAX, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>EDMILL ENTERPRISES, INC., a California corporation, d/b/a TEAM SPIRIT REALTY, INVESTMENT & DEVELOPMENT, d/b/a TSR, d/b/a TEAM SPIRIT REALTY & INVESTMENT, d/b/a ALLTRUST FINANCIAL GROUP, and EDWARD SOHN, an individual,<br><br>    Defendants. | CASE NO. 8:17-cv-01612-JLS-KES<br><br>**ORDER OF INJUNCTION AND CONSENT DECREE** |

Before the Court is Plaintiff RE/MAX, LLC's ("RE/MAX") Complaint asserting Trademark Infringement under 15 U.S.C. § 1114(1); Unfair Competition under 15 U.S.C. § 1125(A); Trademark Infringement under Cal. Bus. & Prof. Code § 14200 *et seq.*; Unfair Competition under Cal. Bus. & Prof. Code § 17200; and Common Law Unfair Competition against Defendants Edmill Enterprises, Inc., a California corporation, d/b/a Team Spirit Realty, Investment & Development, d/b/a TSR, d/b/a Team Spirit Realty & Investment, d/b/a Alltrust Financial Group (collectively "Team Spirit"), and Edward Sohn, an individual, (together, "Defendants"). Pursuant to a contemporaneous confidential Settlement Agreement entered into on February 1, 2018, the parties wish to have the following consent judgment and permanent injunction to be entered immediately (or at least within fourteen (14) days of filing). Accordingly, as set forth in the parties' joint request (Doc. 29), subject to the approval of the Court, the parties have agreed to the entry of the following Consent Decree and Injunction.

## **The Parties**

1. RE/MAX is a Delaware limited liability company with its principal place of business at 5075 South Syracuse Street, Denver, Colorado 80237.

2. Edmill Enterprises, Inc. is a California corporation doing business as Team Spirit Realty, Investment & Development and/or TSR, which offers real estate brokerage services in this District and can be served at 30 Corporate Park #207, Irvine, California 92606.

3. Edward Sohn is an individual residing and providing real estate brokerage

services within this District and can be served at the address set forth above.

4. Sohn is the President and Registered Agent of Edmill Enterprises, Inc., and is the broker sponsoring real estate licenses for Team Spirit.

## **Jurisdiction and Venue**

5. This action arises under §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; Cal. Bus. & Prof. Code § 14200 *et seq.* and § 17200; and the common law of the state of California.

6. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

7. This Court has personal jurisdiction because Defendants conduct business in and/or reside in the state of California.

8. Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## **Background**

9. Operating throughout the United States, the RE/MAX franchise network (the "RE/MAX Network") is a real estate system of independently owned and operated franchised offices and their affiliated independent contractor/sales associates who are authorized to use the RE/MAX trademarks in connection with providing real estate brokerage services.

10. Since the early 1970s, those affiliated with the RE/MAX Network have provided real estate brokerage services in interstate commerce in the United States in connection with the for sale sign design set forth below:



11. RE/MAX owns several U.S. Trademark Registrations for its for sale sign design, including U.S. Trademark Registration Nos. 1,691,854; 1,702,048; 1,720,592; and, among others.

12. The above listed trademark registrations, with the exception of U.S. Trademark Registration No. 4,986,346, have achieved incontestability status under 15 U.S.C. § 1065.

13. RE/MAX also owns California State Trademark Registration No. 37219 covering its for sale sign design.

14. The federal registration rights, state law rights, and common law rights of RE/MAX in the trademarks described above are collectively referred to as the "RE/MAX Sign Design."

15. The RE/MAX Sign Design is used by those in the RE/MAX Network on a variety of advertising media including property listing signs, directional signs, open house

signs, Internet websites, business cards, television commercials, billboards, bus stop benches, banners, and other advertising and promotional items.

16. As a result of substantial sales and extensive advertising and promotion, the RE/MAX Sign Design has become widely and favorably known as identifying real estate brokerage and related services originating from, sponsored by, or associated with the RE/MAX Network.

17. The public has come to associate the well-known and distinctive RE/MAX Sign Design with the RE/MAX Network as a source of high quality real estate brokerage services.

18. The RE/MAX Marks are subsisting, valid, enforceable, and famous, and RE/MAX owns the RE/MAX Marks and all associated goodwill.

**Defendants' Acts**

19. Defendants have been and are using in connection with real estate services a confusingly similar sign design, examples of which are set forth below, in violation of RE/MAX's trademark rights (the "Infringing Sign Design"):

![For Sale sign: JANE YU, Team Spirit Realty, Inc., (949) 244-7741]



20. Defendants began using the Infringing Sign Design subsequent to RE/MAX's first use and registration of the RE/MAX Sign Design, and despite having been put on notice multiple times of RE/MAX's rights in the RE/MAX Sign Design, Defendants continued to infringe. Defendants' actions have caused RE/MAX monetary, reputational, and other damages, which will continue unless enjoined.

21. Accordingly, the parties agree, subject to the approval of the Court, to the entry of the following Consent Decree and Injunction. IT IS HEREBY ORDERED AND DECREED that:

22. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§1331, 1332, 1338(a)-(b) and 1367(a). Defendants, their respective agents, owners, employees, officers, directors, sales representatives, and all other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall be permanently ENJOINED from:

A. directly or indirectly challenging, objecting to, or contesting the validity of RE/MAX's use or, applications to register, or registrations for the RE/MAX

1  Marks, or taking any actions that might impair the rights of RE/MAX in the
2  RE/MAX Marks;

3  B.  using, or licensing the use of, the RE/MAX Marks, or any marks confusingly
4      similar to the RE/MAX Marks;

5  C.  using, or license the use of, the Infringing Sign Design;

6  D.  except for the designs depicted here:

 

which have been explicitly approved by RE/MAX (the "Approved Designs"), using, or licensing the use of, any design or trade dress in connection with an offering of goods or services that features any combination of any shades of red and blue, blue-over-white-over-blue, or red-over-white-over-red, including but not limited to the blue-over-white-over-blue sign design set forth below:

;

E. using, or licensing the use of, any design/trade dress in connection with an offering of goods or services that features any shades of the colors red, white, and blue, in any combination, except as depicted in the Approved Designs, in a three or more bar horizontal bar design (including by the attachment of one or more riders to an otherwise two-bar horizontal bar design);

F. using any logotype in connection with the Approved Designs, or their offering of any real estate brokerage services that is similar to the logotypes used by RE/MAX, including as depicted here:

![RE/MAX logo]

G. using, or licensing the use of, any hot air balloon or hot air balloon design or symbol, any mark that includes the syllables "Re" and "Max" together, or any phonetically similar combinations, or anything else confusingly similar to "RE/MAX"; and

H. applying to register for any trademarks (Federal or State) the Approved Design, or any mark or trade dress that contravenes the provisions of this Agreement.

23. RE/MAX shall be entitled to its costs and attorneys' fees expended in pursuing compliance with or seeking enforcement of any provision of this Order of Injunction and Consent Decree.

24. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Order of Injunction and Consent Decree.

25. WHEREFORE, this PERMANENT INJUNCTION shall take effect immediately.

Dated: February 09, 2018

_____
Hon. Josephine L. Staton
United States District Judge